Commonwealth ex rel. Patterson, Appellant, *v.*
Pennsylvania Board of Probation
and Parole.

Argued September 15, 1969.   Before WRIGHT, P.J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*Frank P. Lawley, Jr.,* Deputy Attorney General,
with him *William C. Sennett,* Attorney General, for
board, appellant.

No argument was made nor brief submitted for
appellee.

OPINION BY CERCONE, J., November 13, 1969:
Edward A. Patterson was sentenced on a charge of
burglary to a term of 2 to 5 years by the court in Lu-

zerne County. After having served the minimum sentence, he was granted a parole on October 27, 1965 by the Pennsylvania Board of Parole. His parole was revoked, however, on January 29, 1969 for having absconded from supervision. He was then recommitted as a technical violator.

Patterson then filed a petition for a writ of habeas corpus in the Court of Common Pleas of Luzerne County claiming his recommitment to have been improper because (1) he was not represented by counsel at the parole revocation hearing and (2) his constitutional rights were violated by the Parole Board in that its recommitment caused his sentencing to exceed that placed upon him by the court.

The lower court denied the writ of habeas corpus but held that because Patterson was recommitted without representation of counsel he was entitled to a new hearing before the Parole Board. The lower court then ordered the Board to appoint counsel for Patterson. The Commonwealth has appealed from that part of the court's order.

Our study of the case leads us to the conclusion that the Commonwealth is correct in its contention that the lower court should have designated the Office of Public Defender to provide counsel and should not have ordered the Parole Board to appoint counsel. The clear language of the Public Defender Act, Act of December 2, 1968, P. L.     , 16 P.S. §9960.6(a)(6), expressly states "the Public Defender shall be responsible for furnishing legal counsel . . . to any person who for lack of sufficient funds, is unable to obtain legal counsel [at] . . . probation and parole proceedings and revocation thereof."

In discussing the above provision of the Public Defender Act, our Supreme Court, in *Commonwealth v. Tinson*, 433 Pa. 328 (1969), had occasion to note "The importance of counsel at parole and probation pro-

ceedings has been recognized legislatively in §6(a)(6) of the new Public Defender Act, Senate Bill No. 1769, 1968 Sess., November 22, 1968, which provides that the public defender shall provide indigents with free counsel at those proceedings." The legislature has given to the Office of Public Defender the duty of providing counsel to indigents appearing before the Parole Board; whereas, no authority can be found for vesting in the Parole Board the duty and responsibility of appointment of counsel for indigents appearing before it. No machinery or administrative process is provided for such appointment by the Board and we, as well as the Board, are powerless to supply the same. We cannot counteract the legislature's pronouncement and place the responsibility of appointment of counsel on the Parole Board. Law and reason, therefore, require us to reverse the action of the lower court in ordering the Parole Board to appoint counsel for Patterson, and we remand the case for an appropriate order to the office of the Public Defender for appointment of counsel.

As Patterson will receive a new recommitment hearing with representation of counsel, we find it unnecessary to rule upon the other errors he alleged were committed by the Board at the first recommitment hearing.

Order reversed to the extent herein indicated; case remanded for proceedings consistent with this opinion.