Pennsylvania Gas and Water Company, Stegmaier Brewing Company, John Watkins and Francis Zirnhelt, Plaintiffs, *v.* Jacob G. Kassab, Grace M. Sloan and Kaminski Brothers, Inc., Defendants.

Argued June 4, 1974, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Carroll F. Purdy,* with him *Charles E. Thomas, A. Richard Caputo, Metzger, Hafer, Keefer, Thomas and Wood* and *Shea, Shea & Caputo,* for plaintiffs.

*Harry C. Jackson,* Assistant Attorney General, with him *David A. Johnston, Jr.,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for defendants, Kassab and Sloan.

OPINION BY JUDGE ROGERS, July 23, 1974:

Before us for disposition is the motion of defendants, Jacob G. Kassab and Grace M. Sloan, for judgment on the pleadings pursuant to Pa. R. C. P. No. 1034.

The pleadings consist of a complaint in equity, an answer and new matter filed in behalf of defendants Kassab and Sloan, an answer without new matter filed by the defendant Kaminski Brothers, Inc., and the plaintiffs' reply to the Kassab's and Sloan's new matter.

Accepting, as we must, on this motion, all well pleaded allegations of the plaintiffs' pleadings as true and rejecting as untrue allegations of the defendants' pleadings denied by the plaintiffs, we ascertain the following to be facts and issues for the purpose of our present inquiry:

The plaintiff, Pennsylvania Gas and Water Company, is a public utility providing water service in the City of Wilkes-Barre and its environs, and the owner

and operator of a reservoir which supplies water to approximately 25,000 persons. The plaintiffs, Stegmaier Brewing Company, John Watkins and Francis Zirnhelt are customers of Pennsylvania Gas and Water Company, receiving and consuming water from Pennsylvania Gas and Water Company's said reservoir. The defendant, Jacob G. Kassab, is the Secretary of Transportation of Pennsylvania, and the defendant, Grace M. Sloan, is the Treasurer of Pennsylvania. The defendant Kassab in his official capacity has executed a contract with the defendant, Kaminski Brothers, Inc., under which the latter will do work in the relocating, grading, reconstruction and widening of a portion of a public highway of the Commonwealth. The project authorized by Kassab to be performed by Kaminski involves the proposed expenditure of funds from the Motor License Fund of the Commonwealth to which the plaintiffs have contributed by the payment of title registration and license fees, fuel taxes and other sums. The highway project will cause runoff of earth, soils, minerals and other impurities into Pennsylvania Gas and Water Company's reservoir which will pollute it and reduce its storage capacity. The pollution which will thus occur will violate the plaintiffs' rights as established in Art. I, section 27 of the Pennsylvania Constitution[1] and the policy of the Commonwealth expressed in a number of statutes to assure the public of a supply of pure water. The following paragraphs of the complaint state its material bases:

---

[1] Which reads pertinently "[t]he people have the right to . . . pure water" and which in *Commonwealth of Pennsylvania et al. v. National Gettysburg Battlefield Tower, Inc.*, 8 Pa. Commonwealth Ct. 231, 302 A. 2d 886 (1973) we held to be self-effectuating. *See also Commonwealth of Pennsylvania v. National Gettysburg Battlefield Tower, Inc.*, 454 Pa. 193, 311 A. 2d 588 (1973), and *Payne et al. v. Kassab et al.*, 11 Pa. Commonwealth Ct. 14, 312 A. 2d 86 (1973).

"24. Defendant Kassab in planning, approving and implementing a project which pollutes streams of the Commonwealth and a public water supply is acting illegally.

"25. Defendant Kassab, in planning and approving the Project, acted contrary to a constitutional and statutory state policy and thereby abused his discretion and acted beyond the scope of his office as Secretary of Transportation.

"26. Defendant Kassab, in planning and approving the Project, acted with a reckless disregard for the rights of all of the Plaintiffs and the consuming public, has thereby abused his discretion and acted beyond the scope of his office as Secretary of Transportation.

"27. Defendant Kassab by issuing any requisition for payment under the contract from the Motor License Fund will be spending such funds for an illegal activity.

"28. Defendant Sloan by issuing any warrant for payment for the Project from the Motor License Fund will be spending Motor License Fund monies contrary to a constitutional and statutory state policy and thereby will be abusing her discretion and acting beyond the scope of her office as Treasurer.

"29. Defendant Sloan by issuing any warrant for payment for the Project from the Motor License Fund will be paying monies from the Fund for illegal activities."

The relief sought is an order restraining the defendants from undertaking the project and from paying for it. The complaint also asks for an award of such damages as may be necessary to grant full and equitable relief.

The defendants' motion for judgment on the pleadings has two bases: the first, that the plaintiffs have an adequate remedy at law by the Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P. L. 84, 26

P.S. 1-101 et seq.; and the second, that the defendants, Kassab and Sloan, are high state officials immune from suit.

The principles which must govern our action are accurately stated in Goodrich-Amram Procedural Rules Service, Binder 1, 1973 release, Section 1034(b)-1, page 250: "Like all summary judgments entered without a trial, judgment on the pleadings may be entered only in clear cases and where there are no issues of fact. The court is to construe the pleadings alone, drawing all the inferences and assuming all the concessions which would apply in the ruling on a demurrer. The party moving for the judgment on the pleadings admits for the purpose of his motion the truth of all allegations of his adversary and the untruth of any of his own allegations which have been denied by his adversary. Nor may averments by the moving party in a pleading automatically at issue, which need not be denied, be accepted as true."

We additionally observe that the motion for judgment on the pleadings is subject to the same restrictions as the common law demurrer and that the rule against speaking demurrers applies to such motions.

The only mention in the pleadings of the Eminent Domain Code is found in Kassab's and Sloan's new matter in which it is pleaded that: "[p]laintiffs have not exhausted their remedies at law in that they failed to file for a Board of Viewers under the Eminent Domain Code seeking compensation for the damages they allege will be incurred." This allegation is denied generally in plaintiffs' reply to new matter and is there qualified by the plaintiffs' assertion that the specific relief prayed for in the complaint, a restraining order, is not within the powers of a Board of View to grant. The defendants, Kassab and Sloan, have attached to their brief a copy of a notice of condemnation directed to

plaintiff Pennsylvania Gas and Water Company but not other plaintiffs, which, of course, we must ignore. It is obvious under the principles by which we must consider the instant motion, that the contention that the Eminent Domain Code affords adequate relief, is, at this point in the proceedings, ill-founded.

The defendants, Kassab's and Sloan's, contention that they should have judgment on the pleadings because of their immunity, although more substantial, is also in our view without merit. The principal authority cited by the defendants is *Conrad v. Commonwealth, Department of Highways,* 441 Pa. 530, 272 A. 2d 470 (1971). While *Conrad* is similar to the instant suit in that it was commenced by a complaint in equity followed by a motion to dismiss founded on the defendant Commonwealth's immunity, it is clear that in that case the trial court in granting and the Supreme Court in affirming the motion to dismiss, concluded that the essential nature of the cause of action there asserted was in negligence for the recovery of money for damages suffered as the result of road construction, and that the prayer for injunctive relief was without substance. The plaintiffs' case here is quite different. They seek to restrain the defendants from performing acts assertedly violative of the plaintiffs' constitutional rights and of public policy expressed in a number of statutory enactments. As we declared in *McIlvaine v. McKetta,* 1 Pa. Commonwealth Ct. 262, 265 (1971):

"Obviously, not every action against state officers is a suit against the state and thus prohibited. The rule to be applied in determining whether a particular action is or is not permissable is stated by Mr. Justice BENJAMIN R. JONES in Philadelphia Life Insurance Company v. Commonwealth, 410 Pa. 571, 190 A. 2d 111 (1963) :'The distinction is clear between suits against the Commonwealth which are within the rule of its im-

munity and suits to restrain officers of the Commonwealth from enforcing the provisions of a statute claimed to be unconstitutional. Suits which seek to compel *affirmative action on the part of state officials or to obtain money damages or to recover property from the Commonwealth* are within the rule of immunity; suits which simply seek to *restrain state officials* from performing affirmative acts are not within the rule of immunity.' 410 Pa. 576, 190 A. 2d 114. (Emphasis in original.)

"Some cases where the rule of immunity was held not applicable (in addition to Philadelphia Life Insurance Company v. Commonwealth, *supra*, in which it was held that equity has jurisdiction to enjoin state officials from enforcing an alleged unconstitutional tax) are: Kelley et al. v. Kalodner et al., 320 Pa. 180, 181 A. 598 (1935) (holding that appropriate officers of the Commonwealth might be restrained from carrying into effect an unconstitutional tax); Bell Telephone Company of Pennsylvania v. Driscoll, 343 Pa. 109, 21 A. 2d 912 (1941) (holding that members of the Public Utility Commission might be restrained from enforcing a statute unlawfully delegating legislative powers to a commission); Roy Stone Transfer Corporation, Appellant v. Messner, 377 Pa. 234, 103 A. 2d 700 (1954) (holding that state fiscal officers might be restrained from enforcing a tax violative of the Constitution of the United States)." We think that the present case on the pleadings falls into the line of cases holding that immunity is not a bar to suits seeking restraint of government or its officials from unconstitutional or illegal action.

It may be that upon a trial of this matter either or both of the defendants' grounds of defense will prove effective. That they will, is at least unclear at this point in the proceedings and we make the following

## ORDER

AND NOW, this 23rd day of July, 1974, the defendants, Kassab's and Sloan's, motion for judgment on the pleadings is denied.

---

CONCURRING OPINION BY PRESIDENT JUDGE BOWMAN:
While I fully concur with the result reached by the majority, I must reiterate my previously expressed view that the provisions of Article I, Section 27, of our Constitution are not, in my opinion, self-executing. *Payne v. Kassab,* 11 Pa. Commonwealth Ct. 14, 36, 312 A. 2d 86, 97 (1973) (concurring opinion of President Judge BOWMAN).