## Weldon B. Shank, Jr., Appellant *v.* Everett Area School District, Appellee.

Argued October 31, 1975, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*William K. Eckel*, with him *Abood, Rodkey & Eckel*, for appellant.

*Stanley G. Stroup*, with him *Stroup & Stroup*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 23, 1976:

This appeal of Weldon B. Shank, Jr. (Appellant) is from an order of the Court of Common Pleas of Bedford County, granting Everett Area School District's (Appellee) motion for judgment on the pleadings in the nature of a demurrer. We affirm.

Appellant filed a complaint in mandamus alleging, *inter alia,* that he requested a leave of absence from Appellee as a result of orders issued by the Adjutant General to attend U.S. Army flight schools, and that Appellee violated its statutory duties as set forth in Section 1176 of the Public School Code of 1949[1] and Section 839 of the Military Code of 1949,[2] by denying the leave. Consequently, he sought the benefits that accrue when one is granted a leave of absence for military service, on retirement rights, salary steps, seniority rights, sabbatical leave eligibility and damages for loss in wages, and all salary increments due. Appellee's answers to the complaint and the amended complaint, in essence, denied violation of its statutory duties. Appellee then filed a motion for judgment on the pleadings. The court below issued an order granting motion for judgment on the pleadings and dismissed Appellant's complaint. This appeal followed.

Two questions were presented: First, did the trial court err in granting Appellee's motion for judgment on the pleadings, and second, was Appellant entitled to a military leave of absence pursuant to Section 1176 of the Public School Code of 1949?

Section 1176 of the Public School Code of 1949 provides that a leave of absence must be granted when:

"(a) Any employe of any school district, who shall have been regularly employed by any school district

---

1. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1176.

2. Act of May 27, 1949, P.L. 1903, *as amended,* 51 P.S. §1-839. Violation of this statute was averred in the Amendment of Complaint by Agreement.

or vocational school district for any period, and who shall volunteer for military service in the armed forces of the United States of America in time of war or during a state of national emergency or who shall be inducted for military service in the Armed Forces of the United States of America at any time, shall, within thirty (30) days after the receipt of notice to report for duty, send a copy of such notice to the secretary of the school board by which he is employed."

This is not the situation here. During the Viet Nam conflict, no declaration of war was voted nor state of emergency declared, and the Appellant volunteered for training duty in the Pennsylvania National Guard.

Section 839 of the Military Code of 1949 does provide for a leave of absence to "such persons, who, pursuant to Pennsylvania National Guard order, attend a course or courses of military instruction conducted by any branch or component of the Armed Forces." This section of the Act became effective March 25, 1970, and is not retroactive.[3] It does not apply to the leave taken by Appellant on August 27, 1969. *Smith v. Fenner,* 399 Pa. 633, 161 A.2d 150 (1960); *Commonwealth v. Repplier Coal Co.,* 348 Pa. 372, 35 A.2d 319 (1944).

In *Pennsylvania Gas and Water Company v. Kassab,* 14 Pa. Commonwealth Ct. 564, 568, 322 A.2d 775, 777 (1974) we enunciated a standard by which judgment on the pleadings should be reviewed.

" 'Like all summary judgments entered without a trial, judgment on the pleadings may be entered only in clear cases and where there are no issues of fact. The court is to construe the pleadings alone, drawing all the inferences and assuming all the concessions which would apply in the ruling on a demurrer. The party

---

3. Section 56 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1926 provides:

"No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly."

moving for the judgment on the pleadings admits for the purpose of his motion the truth of all allegations of his adversary and the untruth of any of his own allegations which have been denied by his adversary. Nor may averments by the moving party in a pleading automatically at issue, which need not be denied, be accepted as true.' "

In reviewing the entire record, mindful that mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other adequate and appropriate remedy, *Burlington Homes v. Kassab,* 17 Pa. Commonwealth Ct. 329, 332 A.2d 575 (1975), we are compelled to conclude under the principles set down in *Pennsylvania Gas, supra,* that the trial court properly granted Appellee's motion for judgment on the pleadings. This being so, it is unnecessary for us to resolve the second question.

Affirmed.