Otis J. Tate, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, October 12, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Otis J. Tate*, petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, January 18, 1979:

Otis J. Tate (Petitioner) has filed a petition for review requesting us to enter an order directing the Pennsylvania Board of Probation and Parole (Board) to restore his parole privileges and to restrain the Board from depriving him of that parole because of the fact that he filed the within action. The Board filed an answer to the petition containing new matter, including a certificate of the Chairman of the Board of Probation and Parole. That pleading was properly endorsed with a notice to plead. Thereupon, the Petitioner filed a "Traverse Sur Respondent's Answer to the Petition for Review" and a Motion for Judgment on the Pleadings "pursuant to Rule 1034 (a), Pennsylvania Rules of Civil Procedure." The Board then filed a cross-motion for summary judgment which, in its brief, it asks us to consider a cross-motion for judgment on the pleadings. This we will do, although on a motion for judgment on the pleadings we may enter judgment for either party. *Ruska v. Philadelphia Life Insurance Company,* 412 Pa. 418, 195 A.2d 93 (1963).

In a motion for judgment on the pleadings, the moving party admits the truth of all the allegations of his adversary and the untruth of any of his own allegations which have been denied. *Cary v. Lower Merion School District,* 362 Pa. 310, 66 A.2d 762 (1949). Where there are material issues of fact in dispute, judgment on the pleadings cannot be entered. *Miami National Bank v. Willens,* 410 Pa. 505, 190 A.2d 438 (1963).

With those principles in mind, we now proceed to an examination of the pleadings in the case before us. Initially, we note that Petitioner's "Traverse Sur Respondent's Answer to the Petition for Review" is merely a repetition of the allegations set forth in the petition for review. We observe, however, that the

Petitioner has filed no reply to the new matter set forth in the Board's answer.

The essence of the Petitioner's claim for relief is set forth in Paragraphs 9, 10, 11, 16, 17 and 18 of the petition for review. Each of these allegations is specifically denied by the Board, thus prohibiting us from entering judgment in favor of the Petitioner. *Pennsylvania Gas and Water Co. v. Kassab,* 14 Pa. Commonwealth Ct. 564, 322 A.2d 775 (1974).

Since the Board would be bound by the same principles of law set forth above, we cannot enter judgment for it unless the facts set forth in the Board's new matter would be a complete defense to the Petitioner's claim for relief. 2 Goodrich-Amram 2d §1034 (b):1. Accordingly, we will now consider the facts set forth in the reply.

Because of Petitioner's extensive history with the Board, it is difficult to summarize those facts in a concise manner. It appears that the Petitioner was sentenced initially on October 23, 1967, in Philadelphia County to a total sentence of 11 to 40 years. Thereafter he earned Community Treatment Center privileges and was accordingly transferred to the Philadelphia Community Treatment Center. While there, he was arrested, convicted and sentenced on new charges with a minimum term of 5 years and a maximum term of 15 years to begin at the expiration of his initial sentence. On February 13, 1974, Petitioner was paroled on his initial sentence and was re-entered at a state correctional institution to begin the 5 to 15 year sentence. He escaped from the State Correctional Institution at Graterford on May 19, 1975. On the same date he was arrested on new charges. At that time the Board also charged him with technical parole violations. Petitioner was scheduled for a preliminary/detention hearing on May 28, 1975, but that hearing was continued at Petitioner's request to afford him a

chance to obtain counsel. On July 9, 1975, Petitioner was given a preliminary/detention hearing as a result of which the Board ordered the Petitioner detained pending disposition of criminal charges and then to be returned to the Board's custody as a technical parole violator when available.

On October 15, 1975, Petitioner was sentenced in Montgomery County to a term of 2 to 4 years. On January 9, 1976, Petitioner requested a full board hearing, but on January 14 he was found guilty of several federal offenses and was sentenced to 18 years in federal prison to commence at the expiration of Petitioner's state sentences. Petitioner was advised by letter from the Board that his request for a hearing would be heard at City Hall in Philadelphia. Before the hearing could be held he was transferred to the State Correctional Institution at Pittsburgh. On March 11, 1976, Petitioner was afforded a full board hearing in Pittsburgh as a result of which the Board entered an order recommitting him as a convicted parole violator when available. On May 13, 1976, Petitioner was afforded the full board hearing with respect to his federal conviction as a consequence of which the Board reaffirmed its March, 1976, order. Finally, on February 9, 1978, the Petitioner was paroled to the Board's detainer and his sentence was recomputed showing "back time" of 28 years, 5 months and 5 days with a maximum expiration date of July 14, 2006.

Petitioner's principal argument is that he was denied counsel at the preliminary/detention hearing. The Board admits that the Petitioner was unrepresented at that hearing. However, the Board argues that it has no obligation to furnish counsel to the claimant. *Patterson v. Pennsylvania Board of Probation and Parole,* 215 Pa. Superior Ct. 532, 258 A.2d 693 (1969), does hold that the Legislature has given to the office

of public defender the duty of providing counsel to indigent parties engaged in parole and probation proceedings. The Superior Court noted that the Board has no authority vested in it to appoint counsel for the indigents. In the case now before us, Petitioner was given the opportunity by the Board to secure counsel. We hold that the Board was not obligated to do anything further in that regard.

Petitioner also argues that the Board did not afford the Petitioner timely parole revocation hearings. It is now well-settled that in parole revocation hearings for convicted parole violators, the Board must follow its own regulations. *Gant v. Pennsylvania Board of Probation and Parole*, 32 Pa. Commonwealth Ct. 627, 380 A.2d 510 (1977). Those regulations allow 120 days for the hearing "after official verification to the Board of the return of the parolee to a state correctional facility." 37 Pa. Code §71.4(2)(i).[1] Therefore, the time the Petitioner spent in a county prison or detention center awaiting disposition of other charges is excluded from the 120 day requirement. A careful review of the undenied facts set forth in the Board's new matter and in the certificate of the Chairman of the Board, annexed to and incorporated therein convinces us that the Board's hearings were held within the time constraints set forth in its own regulations.

Petitioner argues that because his parole hearing was held in Pittsburgh rather than in Philadelphia, he was prejudiced thereby because he could not produce witnesses and evidence available to him in Philadelphia. The hearing was held to determine if the Petitioner was a convicted parole violator. The Petitioner does not deny that he was convicted in Montgomery County and in Federal Court in Philadelphia

---

[1] Also found at 7 Pa. B. 490.

on charges associated with his escape from the State Correctional Institution at Graterford. All of the witnesses and evidence in the world allegedly available to the Petitioner in Philadelphia but not in Pittsburgh could not dispute those convictions.

Petitioner then argues that he was not on parole when the new crimes were committed. Indeed, they were committed after he had escaped. Petitioner's argument fails for the reason that he was on constructive parole when he escaped having been paroled on February 13, 1974, and re-entered on that date to begin the 5 to 15 year sentence imposed in Philadelphia on May 1, 1973.

The remainder of Petitioner's arguments relate to the Board's alleged illegal actions in (1) compelling the Petitioner to serve the remainder of his original sentence (2) "extending" the Petitioner's minimum time and (3) "extending" the Petitioner's maximum sentence. This Court has repeatedly addressed these issues and decided them adversely to the Petitioner. *See Young v. Pennsylvania Board of Probation and Parole*, 29 Pa. Commonwealth Ct. 268, 370 A.2d 813 (1977) and *Kuykendall v. Pennsylvania Board of Probation and Parole*, 26 Pa. Commonwealth Ct. 234, 363 A.2d 866 (1976).

Since the facts set forth in the Board's new matter do constitute a complete defense to Petitioner's claim for relief, we will enter judgment on the pleadings for the Board.

ORDER

AND Now, this 18th day of January, 1979 judgment is entered for the Pennsylvania Board of Probation and Parole pursuant to the provisions of Pa. R.C.P. No. 1034(b).