William J. Hines, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, December 18, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*William J. Hines*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Edward J. Biester, Jr.*, Acting Attorney General, for respondent.

Opinion by Judge Blatt, March 5, 1979:

The petitioner, William J. Hines, filed a Petition for Review with this Court directed against the Pennsylvania Board of Probation and Parole (Board). Presently before us are cross-motions for summary judgment filed by the petitioner and the Board.

In 1973 the petitioner was sentenced to serve a term of two to five years, effective August 29, 1973, and in 1974 he was sentenced to another term of one to two years to be served following the first sentence. On

August 29, 1975, having served two years, he received constructive parole for the remaining three years on his first sentence, and began serving time on his second sentence. One year later, on August 29, 1976, he was released on parole on both sentences, but approximately one year afterwards, on July 6, 1977, he was again arrested on several criminal charges. The Board thereupon filed a technical parole violation warrant and detainer against him and he was therefore incarcerated in the Allegheny County Prison without the opportunity to post bail. His preliminary detention hearing was scheduled to be held on July 13, 1977, and he there requested a full Board hearing, which the Board advised him by letter on August 4, 1977 would be scheduled when he was available. On January 12, 1978, the Board received official verification of the petitioner's convictions arising out of the criminal charges, and he was then notified that the full Board parole violations hearing would be on March 15, 1978. That hearing was continued until April 13, 1978 at the petitioner's request in order that his legal counsel could be present, and the Board's decision, following that hearing, was to recommit the petitioner as a technical and convicted parole violator when available and to review the matter again after the petitioner had served three years' back time. On June 8, 1978, the petitioner was transferred from the Allegheny County Prison to the State Correctional Institution at Pittsburgh. On July 10, 1978 the Board reaffirmed his recommitment to serve his unexpired term of three years (from July 6, 1977), modifying his maximum term to end July 6, 1980.

The petitioner argues here that he was not afforded a timely revocation hearing. The Board's Regulation provides that its hearing shall be held within 120 days from the date it receives official verification of the guilty verdict except where the parolee is confined

outside the Board's jurisdiction such as in a county correctional institution. In such case, where the parolee has not waived the full Board hearing, it must be held within 120 days of the official verification to the Board of his return to a State correctional facility. §71.4(2) (7 Pa. B. 490). In this case the petitioner was returned to the State correctional institution on June 8, 1978. His full Board hearing was held prior to that date, and it was therefore timely.

The petitioner also argues that he was not given credit for the nine months which he spent in the county prison while awaiting the outcome of the new charges and also argues that he only had twenty-four months of back time remaining. The record reveals, however, that he had served only two years of his first sentence of two to five years, at which time he was placed on "constructive parole." As a later convicted parole violator, therefore, he received no credit for the time spent on "constructive parole" and thus had three years of his original sentence to serve as back time. *Commonwealth ex rel. Haun v. Cavell*, 190 Pa. Superior Ct. 346, 154 A.2d 257 (1959); *Tate v. Pennsylvania Board of Probation and Parole*, 40 Pa. Commonwealth Ct. 4, 396 A.2d 482 (1979). As to the time he spent in the county prison pursuant to his new criminal charges, *i.e.,* from July 6, 1977 to June 8, 1978, this Court has held that, when a detainer has been lodged against a parolee who has been arrested on another charge, credit for such period of confinement is applied to the original sentence, not to the new sentence. *Davis v. Cuyler*, 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978); *Mitchell v. Pennsylvania Board of Probation and Parole*, 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977); *Padgett v. Pennsylvania Board of Probation and Parole*, 30 Pa. Commonwealth Ct. 221, 373 A.2d 467 (1977). The pleadings here indicate the petitioner would have been eligible for release on bail *but for* the

Board's detainer. We believe, therefore, that the Board must grant the petitioner credit to his original sentence for the time during which he was incarcerated subject to its detainer.

### ORDER

AND Now, this 5th day of March, 1979, the motion for summary judgment filed by the petitioner in the above-captioned matter is hereby granted to the extent that he should be given credit for that period of time during which he was incarcerated subject to the Board's detainer, and the Board's motion for summary judgment is hereby granted to the extent that the recommitment of William J. Hines to serve his back time was otherwise proper.