Spencer R. Dobson, Jr., Petitioner *v.* Fred W. Jacobs, Chairman, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, June 18, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Spencer R. Dobson, Jr.,* petitioner, for himself.

*Stephen J. Mascherino,* Assistant Attorney General, *Robert A. Greevy,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE DISALLE, October 22, 1979:

Spencer Dobson, Jr. (Petitioner) has filed a petition for Writ of Mandamus, which we shall treat as a petition for review, disputing the December 8, 1978 action of the Pennsylvania Board of Probation and Parole (Board) ordering him recommitted as a convicted parole violator. The Board has filed preliminary objections.

Petitioner argues that he was denied the right to counsel and that the Board failed to hold a timely final revocation hearing. This Court, per President Judge BOWMAN, in an April 9, 1979 order, indicated that this petition arises out of the same set of operative facts as the petition docketed in this Court by Petitioner at No. 104 Misc. Dkt. No. 2, and dealt with in our opinion and order dated March 2, 1979. Accordingly, Judge BOWMAN ordered that the instant petition be stricken insofar as it raises issues already before this Court and that the parties limit themselves solely to the issue of Petitioner's right to counsel.

The facts relevant to that issue are as follows. On October 20, 1978, Petitioner received a full Board revocation hearing. Attorney Patrick Mandracchia, of the Public Defender's Office, was present at the hearing on behalf of Petitioner, but at the outset, asked the Board to excuse him, claiming a conflict of interest. It seems that several years earlier, Mr. Mandracchia had unsuccessfully represented Petitioner at a revocation proceeding and that Petitioner then filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, *as amended,* 19 P.S. §1180-1 et seq., alleging ineffective assistance of coun-

sel. The Board excused Mr. Mandracchia, and over Petitioner's strong objection, held the hearing without counsel present.

We believe the Board erred in not continuing the hearing until such time as Petitioner had the opportunity to procure counsel. In *Patterson v. Pennsylvania Board of Probation and Parole*, 215 Pa. Superior Ct. 532, 258 A.2d 693 (1969), the lower court held that the Board had an obligation to furnish counsel at a revocation hearing. In reversing, the Superior Court held that Section 6[1] of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended,* 16 P.S. §9960.6, imposes that duty upon the Public Defender, not the Board. However, after holding that the *Board* had no duty to supply counsel to a parolee at revocation proceedings, the Superior Court, noting the importance of such representation, remanded the case to the lower court for the issuance of an order to the Public Defender for appointment of counsel. We believe that the Board should have followed a similar procedure here.

Also dispositive of this issue are the regulations of the Board itself, which neither party cites or refers to in its brief. These rules, 37 Pa. Code §71.4, in pertinent part, appear to incorporate by regulation the holding of the Superior Court in *Patterson, supra.* which, in turn, relied in part upon *Commonwealth v. Tinson*, 433 Pa. 328, 249 A.2d 549 (1969).

---

[1] Section 6(a) provides pertinently as follows:

The public defender shall be responsible for furnishing legal counsel, in the following types of cases, to any person who, for lack of sufficient funds, is unable to obtain legal counsel:

. . . .

(10) Probation and parole proceedings and revocation thereof. . . .

> If the parolee now [at time of hearing] wishes to exercise his right to counsel, that fact shall be documented by the Examiner [who] . . . shall then terminate the proceeding . . . and initiate action to have the Revocation Hearing rescheduled promptly. The parolee shall also be advised of the name and address of the public defender of the county in which the parolee is confined.

37 Pa. Code §71.4(5)(iv).

Although this regulation is specifically directed to revocation hearings before an Examiner on waiver of hearing before a quorum of the Board, we discern no logical reason in not applying it to the Board hearing, under circumstances otherwise the same and as consistent with *Patterson, supra,* and *Tinson, supra.* Here Petitioner, because of the disqualification of his counsel present for the Board hearing, asserts that he then and there stated that he wished to have counsel, a right which is afforded by the Board regulations. For the purpose of deciding the preliminary objections of the Board, we must, therefore, conclude that Petitioner has stated a cause of action, thus requiring the preliminary objections to be dismissed.

In light of the foregoing, the outcome of this case, unless the Board in its answer would deny the material averments of fact set forth in the petition for review on this issue, would require an order setting aside the Board revocation hearing and requiring a new one. This suggests that we should make further comment because of the peculiar fact of the disqualification of Petitioner's counsel who had appeared at the commencement of the conducted revocation hearing in dispute. As he was and apparently continues to be the public defender of the county in which Petitioner is confined, exact compliance with the quoted Board rule would accomplish nothing. If the Board chooses

not to further defend this proceeding, it would be appropriate for the Board to reschedule a revocation hearing and advise Petitioner of the name and address of the public defender of an adjoining county who, under these circumstances, should accept the responsibility. The solution by the Superior Court in *Patterson, supra,* to a similar problem was fashioned by an appellate court and before the Board had specific rules upon the subject of representation of counsel at parole revocation hearings. It does not lend itself to our role as the court of original jurisdiction in this proceeding.

### ORDER

AND Now, this 22nd day of October, 1979, the preliminary objections of the Pennsylvania Board of Probation and Parole are overruled, and it is directed to answer the petition for review within thirty (30) days hereof, or take such other action consistent herewith.