426 A.2d 1150

**Richard D. ADAMS, Appellant,**

v.

**NATIONWIDE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 5, 1980.

Filed March 6, 1981.

Delano M. Lantz, Harrisburg, for appellant.

Lee C. Swartz, Harrisburg, for appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

CERCONE, President Judge:

This is an appeal from an order granting summary judgment on the pleadings in favor of the defendant, Nationwide Insurance Company (Nationwide), and against the plaintiff, who is defendant's insured motor vehicle accident victim.

Once again we embark upon the stormy sea which is Pennsylvania's No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101, 40 P.S.

§ 1009.101 *et seq.* The question before us today is whether a motor vehicle accident victim injured while driving his own automobile, but within the scope of his employment, is entitled to receive work-loss benefits from his no-fault insurance carrier to make up the difference, (or "net loss") between his actual wage loss and benefits conferred on him under the Workmen's Compensation Act. More specifically, we are asked to consider an apparent conflict between Section 206 of the No-Fault Act, 40 P.S. § 1009.206 (1974), and the Workmen's Compensation Act, 77 P.S. § 481(a) (1974). We have considered the question before in *Turner v. Southeastern Pennsylvania Transportation Authority*, 256 Pa.Super. 43, 389 A.2d 291 (1978) and again in *Wagner v. National Indemnity Company*, 266 Pa.Super. 112, 403 A.2d 118 (1979) aff'd 492 Pa. 154, 422 A.2d 1061 (1980) although both those cases were decided under facts clearly distinguishable from those in this case.

Although the record at this juncture is sparse, the operative facts as pleaded are these. Adams was employed as a zone manager for Standard Motor Products and was acting within the scope of his employment when the accident occurred. He was driving his own automobile, which was insured through Nationwide at his personal expense. Under the terms of the policy, Adams was entitled to claim eighty percent of his gross wages less any Workmen's Compensation benefits he received.[1] From September 22, 1976, until October 25, 1978, Nationwide paid Adams $37.40 per week pursuant to the insurance policy's terms. On the latter date, nationwide terminated its payments to Adams based on our decision in *Turner v. SEPTA, supra.* Adams brought suit in the Court of Common Pleas of Dauphin County seeking the reinstitution of the $37.40 in no-fault benefits. The lower court entered judgment on the pleadings in favor of Nationwide basing its decision on *Turner v. SEPTA, supra,* and *Wagner v. National Indemnity Company, supra.*

1. His gross wages were $280.50 per week, eighty percent of that is $224.40. He received $187.00 per week in Workmen's Compensation benefits, making a difference of $37.40 per week.

*Turner v. SEPTA* was decided on the following facts. Turner, a bus driver employed by SEPTA, was injured in a collision between his bus and another SEPTA vehicle. He applied for workmen's compensation, but was denied its benefits because he refused to submit to a medical examination. He then filed suit against SEPTA—self-insurer—seeking to recover under its no-fault coverage. Our decision turned on Section 303 of the Workmen's Compensation Act, 77 P.S. § 481(a) which was amended five months after the adoption of the No-fault Act. Section 303 reads in part:

> The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees . . . .

77 P.S. § 481(a). As here, the conflict in *Turner v. SEPTA* was between the exclusivity provision of the Workmen's Compensation Act and Section 206 of the No-fault Act, which reads:

> [A]ll benefits or advantages . . . that an individual receives or is entitled to receive from social security, . . . workmen's compensation, any state required temporary nonoccupational disability insurance and all other benefits received by or available to an individual because of an injury from any government . . . shall be subtracted from loss in calculating net loss.

40 P.S. § 1009.206(a). We concluded that the later adopted Workmen's Compensation Act was dispositive of the issue and hence that Turner was barred from recovery under the No-fault Act because of the former's exclusivity provision.

The operative facts in *Wagner v. National Indemnity Company, supra,* were essentially the same as in *Turner v. SEPTA,* the only difference being that in the former case the accident victim's employer was not a self-insurer. In that case the accident victim's estate sued the insurance carrier of the victim's employer. We followed the decision in *Turner v. SEPTA* and refused to allow the estate to recover in excess of workmen's compensation benefits. We saw no reason to distinguish between a self-insured employer and an employer who contracted for the insurance of its

vehicles with another. The important elements in those two cases were that the vehicle was owned by the employer and the injury occurred within the scope of employment.

Today's case, however, is analogous neither to *Turner v. SEPTA* nor to *Wagner v. National Indemnity Company*, but rather to a situation hypothesized in *Turner v. SEPTA*. We said there:

> It may well be, as appellee argues, that Section 206 is intended to provide for subtraction of workmen's compensation benefits received from the employer, from any no-fault recovery obtained by the employee from the insurer of a vehicle owner other than the employer. This could only occur if the employee were injured while using his own car or that of a third party in the course of conducting his employer's business,

*Id.*, 256 Pa.Super. at 48, 389 A.2d at 594. Furthermore, the Supreme Court in *Wagner v. National Indemnity Company*, 492 Pa. 154, 422 A.2d 1061 (1980) (citing *Turner v. SEPTA*, supra, and *Brunelli v. Farelly Brothers*, 266 Pa.Super. 23, 28, n.6, 402 A.2d 1058, 1061 n.6 (1979) indicates that the decision we reach today is the correct one. The Court states there:

> Under no-fault, a party may not be sued in tort except where the victim's basic loss benefits exceed the no-fault recovery limits. 40 P.S. § 1009.301 (Supp. 1979–80); *Brunelli v. Farelly Brothers, supra.* However, where an employee is injured in an accident and is covered by workmen's compensation, this by no means precludes recovery under no-fault; Section 303 of the Workmen's Compensation Act precludes recovery from the employer only. Thus, while no recovery is allowed under Section 204(a)(1) against the employer's no-fault carrier because of the exclusivity section of workmen's compensation, an insured employee could recover under Section 204(a)(2)–(5) if applicable. From this recovery, the workmen's compensation benefits would be deducted as called for in Section 206 of the No-Fault Act.

Id., 492 Pa. at 167, 422 A.2d at 1067.

The instant case presents just such a situation; the action could not succeed under Section 204(a)(1) of the No-fault Act, but it could under Section 204(a)(2). This suit is not an attempt to establish Standard Motor Products' (appellant's employer) liability over and above its liability under the Workmen's Compensation Act, but rather it seeks recovery from the vehicle owner's own insurance carrier under the No-fault Act's Section 204(a)(2). Under these facts we can see no conflict between the two acts and hold it to have been error for the lower court to enter judgment on the pleadings against the appellant.

Ordered reversed and remanded for proceedings below not herewith inconsistent.