Thomas Elliot, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 3, 1983, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Francis M. Socha,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, April 28, 1983:

This is an appeal by Thomas Elliot (Petitioner) from an order of the Pennsylvania Board of Probation and Parole (Board) ordering Elliot incarcerated, as a technical and convicted parole violator, to serve twenty-four months time, computed from September 30, 1981, the date he was returned to state authorities.

In October of 1980, while on state parole from a sentence imposed in 1972, Petitioner was indicted by federal authorities on a charge of forgery and was sentenced to six months incarceration. In November of 1980, he was charged with escape by federal authorities for leaving the Volunteers of America Center in Harrisburg. On January 11, 1981, he was arrested by the Harrisburg Police and placed in Dauphin County Prison. The Board lodged a detainer on January 12, 1981 but Petitioner was transferred from Dauphin County Prison to Lewisburg Federal Penitentiary on

the same day. He pleaded guilty to the federal charge of escape and on March 20, 1981, was sentenced to serve six months.

On September 30, 1981, Petitioner was returned to Dauphin County Prison where on October 9, 1981 the Board conducted a Violation and Revocation Hearing. At that time, Petitioner waived a preliminary and full Board hearing. 37 Pa. Code §71.2(5). On November 20, 1981, the Board issued the order appealed here.

Petitioner argues that the Board delayed unnecessarily in holding the required Violation and Revocation Hearing nearly eight months after his guilty plea to the federal escape charges and must therefore be reversed.[1] The argument is wholly without merit. 37 Pa. Code §71.5(c) provides:

> If the parolee is in custody in another state, or in Federal custody, the Board may lodge its detainer but all other matters shall be deferred until the parolee has been returned to a state correctional facility in the Commonwealth.

We think it clear that the effect of this provision is to toll the running of any period of time in which the Board is required to act until the parolee is returned to state custody. *See Donnell v. Pennsylvania Board of Probation and Parole,* 70 Pa. Commonwealth Ct. 265, 453 A.2d 36 (1982); *Harris v. Pennsylvania Board of Probation and Parole,* 38 Pa. Commonwealth Ct. 391, 393 A.2d 510 (1978). Petitioner was taken into custody on January 11, 1981 and was transferred into federal custody the following day. He was returned to state custody on September 30, 1981 and the required violation and revocation hearing was held only nine

---

[1] Petitioner alleges failure to provide a preliminary hearing within 15 days as required by 37 Pa. Code §71.2(3) and/or a detention hearing within 30 days as required by 37 Pa. Code §71.3(8). He also alleges failure to provide the violation hearing within 120 days as required by 37 Pa. Code §71.2(11).

634

days later. Excluding the time spent in federal custody under 37 Pa. Code §71.5(c), *Donnell*, the Board acted within ten days.

ORDER

Now, April 28, 1983, the order of the Pennsylvania Board of Probation and Parole in the above referenced matter, dated November 20, 1981, is hereby affirmed.