639 A.2d 1287

PUBLIC DEFENDERS OFFICE FOR SCHUYLKILL COUNTY

v.

COUNTY COMMISSIONERS FOR YORK COUNTY; George M. Trout, President; Robert A. Minnich; Newton D. Brown; and Public Defenders Office for York County, Appellants.

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 1993.

Decided March 29, 1994.

Donald L. Reihart, for appellants.

Lloyd R. Hampton, Asst. County Sol., for appellee.

Before COLINS and KELLEY, JJ., and SILVESTRI, Senior Judge.

COLINS, Judge.

The County Commissioners for York County *et al.* (collectively, York County) appeal from a July 21, 1993 order of the Court of Common Pleas of Schuylkill County (Common Pleas),

which denied amendment of its June 17, 1993 order dismissing York County's preliminary objections to the complaint filed by the Public Defender's Office for Schuylkill County (Schuylkill PDO).

On September 2, 1987, the Schuylkill County Board of Commissioners contracted directly with Kent D. Watkins, Esquire (Watkins), for the purpose of providing mandated legal services to inmates in the State Correctional Institution at Frackville (SCI Frackville). Watkins is a private attorney, and this contract did not make him an assistant public defender. Pursuant to the contract, Watkins represented several inmates of SCI Frackville who were sentenced in York County (the York County inmates) in various proceedings before the Board of Probation and Parole (Parole Board). In order to receive payment for his services, Watkins recorded the amount of time he spent representing each inmate and turned his records into the Schuylkill PDO on a regular basis. The Schuylkill PDO sent Watkins' time sheets and invoices to the office of the court administrator of the Court of Common Pleas of York County, requesting payment. The Schuylkill PDO also billed York County an additional $20.00 per hour for its own expenses, which it claimed were additional to and incidental to Watkins' representation of the York County inmates before the Parole Board. The breakdown of the amount billed to York County is as follows:

| INMATE REPRESENTED | TOTAL COSTS ($50 per hour) | WATKINS' FEE ($30 per hour) | INCIDENTAL COSTS ($20 per hour) |
|---|---|---|---|
| James Earles | $ 80.00 | $ 48.00 | $ 32.00 |
| Michael Kefauver | $1,061.99 | $ 637.20 | $ 424.79 |
| John Scott Robyler | $2,060.00 | $1,236.00 | $ 824.00 |
| Richard Starner | $ 105.00 | $ 63.00 | $ 42.00 |
| TOTAL | $3,306.99 | $1,984.20 | $1,322.79 |

York County refused to pay the $30.00 per hour fee for Watkins' services and also refused to pay the $20.00 per hour charge for the Schuylkill PDO's incidental expenses. The Schuylkill PDO filed a complaint against York County in

Common Pleas claiming that York County is liable for payment of the outstanding bills. In response to the complaint, York County filed preliminary objections in the nature of a demurrer asserting that the Schuylkill PDO's complaint did not state a legal cause of action. Specifically, York County's preliminary objections stated the following: (a) That the Schuylkill PDO could not recoup Watkins' fees, because it did not comply with Section 7 of the Public Defender Act (Act), Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.7; (b) that the incidental expenses allegedly incurred by the Schuylkill PDO were not reasonable expenses as required by Section 10.1 of the Act, 16 P.S. § 9960.10a; and (c) that the Schuylkill PDO did not obtain necessary court approval before utilizing the services of private counsel.

On June 17, 1993, Common Pleas issued an order denying and dismissing York County's preliminary objections. York County filed an application requesting that Common Pleas amend its June 17, 1993 order to certify the issues raised by York County in its preliminary objections for immediate appeal to this Court, pursuant to Pa.R.A.P. 1311(b). By order of July 21, 1993, Common Pleas refused to certify any issues for immediate appeal. York County then petitioned this Court for review of Common Pleas' refusal to certify the issues. This Court, by an order issued by Senior Judge Kelton dated September 10, 1993, granted York County's petition for review and allowed York County to appeal the issues raised in its preliminary objections. York County now appeals to this Court for review of Common Pleas' denial of its preliminary objections.

Our scope of review of Common Pleas' denial of preliminary objections is limited to determining whether the court abused its discretion or committed an error of law. *Faust v. Commonwealth*, 140 Pa.Commonwealth Ct. 389, 592 A.2d 835 (1991), *petition for allowance of appeal denied*, 530 Pa. 647, 607 A.2d 257 (1992).

York County contests its alleged liability for both parts of the $50.00 per hour fee. It asserts that the Schuylkill PDO

cannot demand reimbursement for Watkins' $30.00 per hour fee, because Watkins was improperly retained without court approval. York County also contends that the Schuylkill PDO is not entitled to the additional $20.00 per hour, because the Schuylkill PDO itself did not perform any service which would merit payment. In conducting our review, we will first address the compensability of the $30.00 per hour fee for Watkins' services.

The Schuylkill PDO's claims against York County for reimbursement are based on Section 10.1 of the Act, 16 P.S. § 9960.10a, which provides: "The county which imposed the sentence from which the defendant was paroled shall be responsible for reimbursing the public defender's office of any other county for *reasonable expenses* incurred for representing that defendant in a parole revocation proceeding and appeals therefrom." (Emphasis added.) This Court must determine whether the Act permits or mandates the reimbursement of expenses incurred during the representation of the York County inmates by Watkins and billed to York County. If the expenses are reimbursable, then we must determine whether the expenses are reasonable.

■ Citing Section 7 of the Act, 16 P.S. § 9960.7, for support, York County asserts that the Schuylkill PDO cannot demand reimbursement, because the Schuylkill PDO had no statutory authority to hire Watkins to represent the inmates without a common pleas court's approval. Section 7 of the Act, 16 P.S. § 9960.7, provides:

> For cause, the court of common pleas may, on its own motion or upon the application of the public defender, the defendant, or person charged with being a juvenile delinquent, appoint an attorney other than the public defender to represent the person charged at any stage of the proceedings. The attorney so appointed shall be awarded reasonable compensation, and reimbursement for expenses necessarily incurred, to be fixed by the judge of the court of

common pleas sitting at the trial or hearing of the case and paid by the county.

Common Pleas rejected York County's argument and ruled that Section 7 of the Act only applies to proceedings before a common pleas court. Accordingly, Common Pleas determined that the Schuylkill PDO did not have to receive court approval before retaining Watkins to represent the York County inmates before the Parole Board. After reviewing the Act in its entirety, we disagree with Common Pleas' interpretation of Section 7 and hold that the Schuylkill PDO is precluded by law from demanding reimbursement for the fees incurred by Watkins.

■ Common Pleas' interpretation of Section 7 erroneously infers that if the proceedings are not in a common pleas court, a public defender's office has the unfettered discretion to appoint paid outside counsel to represent defendants and to compensate those counsel without limitation. This interpretation contradicts Section 5(b) of the Act, 16 P.S. § 9960.5(b), which provides, in pertinent part:

> In lieu of, or in addition to assistant public defenders, the public defender may arrange for and make use of the services of attorneys at law admitted to practice before the Supreme and Superior Courts of this Commonwealth ..., when such attorneys *volunteer* to act as assistants, *without compensation*, to enable him to carry out the duties of his office. (Emphasis added.) [1]

Section 5 of the Act establishes a general rule regarding outside counsel, that they are to be engaged only as unpaid, voluntary assistants to the public defender. Reading Sections 5 and 7 of the Act in pari materia, as we are instructed to do by Section 1932 of the Statutory Construction Act of 1972, 1

---

1. In its brief, the Schuylkill PDO argues that Section 5(a) of the Act, 16 P.S. § 9960.5(a), which allows the public defender to hire "as many full or part time assistant public defenders, clerks, investigators, stenographers and other employees as he may deem necessary" gives it unlimited authority to hire outside counsel. However, this contention is refuted by Section 5(b) of the Act, which mandates that private attorneys may assist the public defender if they "volunteer" to assist "without compensation."

Pa.C.S. § 1932 [2], we conclude that Section 7 of the Act provides an exception to Section 5's general rule and outlines the process which must be undertaken by a public defender who seeks to engage outside counsel on a paid basis. This process requires the public defender to show cause and to move to have the common pleas court appoint outside counsel, with the court retaining the responsibility of determining what compensation is reasonable.

Pursuant to Section 7 of the Act, 16 P.S. § 9960.7, in order to engage Watkins to represent the York County inmates before the Parole Board, the Schuylkill PDO had to show cause why outside counsel was needed and had to move the common pleas court to appoint Watkins. The common pleas court would then retain the responsibility of determining Watkins' reasonable compensation. The Schuylkill PDO did not comply with Section 7 of the Act, and it, therefore, had no authority, pursuant to the Act, to engage Watkins to represent the York County inmates before the Parole Board. Since the Schuylkill PDO improperly engaged Watkins, it must follow that it did not have the authority to bill York County for reimbursement of Watkins' fees because the Schuylkill PDO incurred those fees in violation of the Act. We conclude that the expenses improperly incurred by the Schuylkill PDO are per se not reimbursable and not recoupable from York County, pursuant to Section 10.1 of the Act, 16 P.S. § 9960.10a.

While deciding that Watkins' fees are not reimbursable, we wish to make clear that Watkins' bill for services rendered appears to be quite reasonable. However, Schuylkill County is solely responsible for the payment of Watkins' fees, because he was engaged improperly.[3]

2. 1 Pa.C.S. § 1932 provides, in pertinent part, that "[s]tatutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things."

3. Moreover, by our decision, this Court does not wish to deter the future engagement of private attorneys to assist the public defender, when such engagement is cost efficient and done in compliance with the provisions of Section 7 of the Act.

■ Turning to the $20.00 per hour charge for additional expenses, this Court, after reviewing the record, finds nothing that would render this fee per se not reimbursable. If the Schuylkill PDO directly incurred these expenses for secretarial or investigatory services while representing the York County inmates, then the expenses would likely be reimbursable. The expenses need only be reasonable, pursuant to Section 10.1 of the Act, to be reimbursable. Since Common Pleas must determine whether the $20.00 per hour incidental expenses are reasonable, we remand this matter to Common Pleas for a hearing on the merits.

Accordingly, we reverse Common Pleas and sustain York County's preliminary objections with regard to the $30.00 per hour charge for Watkins' fees, totaling $1,984.20, because this charge is per se not reimbursable. Schuylkill County is solely responsible for the payment of Watkins' fees. With regard to the $20.00 per hour charge for incidental expenses, totaling $1,322.79, we affirm Common Pleas' dismissal of York County's preliminary objections and remand this matter for Common Pleas to determine whether these expenses were reasonable pursuant to the Act.

### ORDER

AND NOW, this 29th day of March, 1994, the order of the Court of Common Pleas of York County in the above-captioned matter is reversed in part and affirmed in part. It is reversed with respect to the preliminary objections addressing the $30.00 per hour charge of Kent D. Watkins, Esquire. Schuylkill County is solely responsible for the payment of Mr. Watkins' fees, which total $1,984.20. It is affirmed with respect to the preliminary objections addressing the $20.00 per hour charge of the Public Defender of Schuylkill County for incidental expenses.

This matter is remanded to the Court of Common Pleas with direction that it order York County to file an answer to the complaint within twenty (20) days.

Jurisdiction relinquished.