Chester **FULTON**, Petitioner,

v.

**COMMONWEALTH** of **Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE**, Respondent.

Commonwealth Court of Pennsylvania.

Argued June 20, 1995.

Decided Aug. 16, 1995.

David Crowley, Chief Public Defender, for petitioner.

Arthur R. Thomas, Assistant Chief Counsel, for respondent.

Before COLINS, President Judge, and DOYLE, J., and NARICK, Senior Judge.

COLINS, President Judge.

Chester Fulton (Fulton) petitions for review of the December 14, 1994 decision of the Pennsylvania Board of Probation and Parole (Board) denying his petition for administrative relief. Fulton sought the Board's review of its June 14, 1994 order recommitting him to a state correctional institution as a technical parole violator and as a convicted parole violator to serve twenty-four months backtime. Additionally before this Court is a motion to vacate order of appointment filed by David Crowley, Esquire, the Chief Public Defender of Centre County, who is Fulton's appointed counsel.

Fulton, who had been serving a ten- to twenty-year sentence for attempted murder, was paroled to the state of Arizona on June 19, 1991. His special conditions of parole, which included abstinence from alcohol, also included reporting an arrest to his parole agent within seventy-two hours of that arrest. Fulton did not report his January 17, 1992 arrest for driving under the influence of alcohol (DUI) to his parole agent. He pleaded guilty to a misdemeanor DUI charge on April 7, 1992. The Board declared Fulton delinquent effective May 7, 1992, after it received an interstate compact report from Arizona indicating that Fulton's whereabouts were unknown and that he had not reported to his parole agent as required.

After Fulton was arrested in Arizona on January 25, 1994 and was returned to Pennsylvania on February 28, 1994, the Board scheduled a preliminary hearing for March 11, 1994. On that date, Fulton, who was represented by counsel, waived the hearing.

Fulton's parole violation/revocation hearing was held on June 14, 1994, and by Board decision mailed August 16, 1994, Fulton was recommitted to serve twenty-four months backtime. His timely petition for administrative relief was denied by the Board on December 14, 1994.

Before this Court, Fulton raises two issues concerning violations of his right to due process. He queries first, whether his right was violated by the Board's failure to timely schedule his preliminary hearing. He queries second, whether his right was violated by the Board's failure to timely schedule his parole violation/revocation hearing. "This Court's scope of review is limited to determining whether the Board's decision is in accordance with the law, the necessary factual findings are supported by substantial evidence and whether constitutional rights were

violated." *Feilke v. Pennsylvania Board of Probation and Parole,* 167 Pa.Commonwealth Ct. 381, 383 n. 1, 648 A.2d 121, 123 n. 1 (1994).

■ Fulton argues first, that 37 Pa.Code § 71.2(3) requires his preliminary hearing to have been held within fourteen days of his detention. By his calculation, it was held forty-five days after his detention. Fulton's argument is without merit. Although 37 Pa. Code § 71.2(3) requires that a preliminary hearing "be held within 14 days of the detention of the parolee on the Board warrant[,]" 37 Pa.Code § 71.5(a) provides that "[i]f the parolee is in custody in another state, ... the Board may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth." In *Elliot v. Pennsylvania Board of Probation and Parole,* 73 Pa.Commonwealth Ct. 631, 458 A.2d 1068 (1983), we said "that the effect of this provision is to toll the running of any period of time in which the Board is required to act until the parolee is returned to state custody." *Id.* at 633, 458 A.2d at 1069. Fulton was returned to Pennsylvania on February 28, 1994, and his preliminary hearing was scheduled for March 11, 1994. It was timely.

■ Fulton argues second, that his June 14, 1994 parole violation/revocation hearing was not timely. According to Fulton, the 120–day period required by 37 Pa.Code § 71.4 should have commenced on January 26, 1994 because of the Board's unreasonable delay in returning him to Pennsylvania. He relies on *Williams v. Pennsylvania Board of Probation and Parole,* 134 Pa.Commonwealth Ct. 597, 579 A.2d 1369 (1990). Williams, a Pennsylvania parolee, was incarcerated in a Georgia prison on new criminal charges. Georgia notified Pennsylvania that his tentative parole date was December 9, 1988, but Pennsylvania did not gain custody of him until August 23, 1989, about eight months later, and his revocation hearing was not held until October 25, 1989. Williams alleged that the hearing was untimely. Being unable to establish from the record when Williams was actually made available to Pennsylvania, this Court remanded for that determination and for a determination re-garding whether the Board acted "with reasonable dispatch" in returning Williams to Pennsylvania. We said that "[u]nreasonable and unjustifiable delays which are not attributable to the parolee or his counsel do not toll the running of the 120 days[ ]" and that "[o]bviously, the Board cannot arbitrarily choose to leave a parolee in confinement in another state." *Id.* at 602, 579 A.2d at 1372.

We do not agree with Fulton that the Board unreasonably delayed returning him to Pennsylvania. The certified record indicates (1) that on February 9, 1994, Arizona informed the Board that Fulton was available for pick up and (2) that he was returned to a state correctional institution on February 28, 1994. That nineteen-day period is not unreasonable. Fulton's violation/revocation hearing was timely, because the 120–day period for holding the revocation hearing commenced on February 28, 1994, and it was held on June 14, 1994, 106 days later.

Also before this Court is a motion to vacate order of appointment filed by Fulton's counsel, David Crowley, Esquire, the Chief Public Defender of Centre County (Crowley). Crowley alleges that his appointment under *Dobson v. Jacobs,* 46 Pa.Commonwealth Ct. 548, 406 A.2d 1207 (1979), was inappropriate. He further alleges "that the proper method of appointment of conflict counsel is a Petition to the County Court of Common Pleas under the Public Defender Act in pertinent part, 16 P.S. § 9960.7." Crowley submits that *Public Defenders Office v. County Commissioners,* 162 Pa.Commonwealth Ct. 712, 639 A.2d 1287 (1994), specifically addressed this issue.

This Court, by order of January 3, 1995, ordered the public defender of Cambria County to represent Fulton in this matter. That public defender petitioned to vacate the order because a conflict of interest was created by Fulton's allegations of ineffective assistance of counsel, which allegations are directed to an attorney in that public defender's office. This Court granted the motion in part and appointed the public defender of Centre County to represent Fulton.

Crowley argues that Section 7 of the Public Defender Act (Act), Act of December 2,

1968, P.L. 1144, *as amended,* 16 P.S. § 9960.7, provides "the proper mechanism for the appointment of conflict counsel for parole violators." He asserts that this mechanism was "specifically recognized" by this Court in *Public Defenders Office.* He states that "[i]n that case this Court held that the 16 P.S. § 9960.7 appointment was the only means of appointing counsel other than the Public Defender if the County providing legal services wants to be reimbursed by the Sentencing County for those services."

In *Public Defenders Office,* we held that York County could not be found financially liable for legal services provided to inmates sentenced by York County but incarcerated in Schuylkill County where Schuylkill County had contracted with a private attorney for provision of the services but had not petitioned the common pleas court for approval of that contract. To the extent that the language in *Public Defenders Office* suggests that Section 7 of the Act, 16 P.S. § 9960.7, is applicable to hearings before the Board, we disavow it.

 In this case, the appointment of counsel was made by this Court for the purpose of Fulton's appeal to this Court, and Section 7 of the Act, 16 P.S. § 9960.7, simply is not applicable to this appointment. Although Section 6(a)(10) of the Act, 16 P.S. § 9960.6(a)(10), makes the Act applicable to parole revocation proceedings before this Court, Section 7 applies to proceedings before the courts of common pleas and not to proceedings before this Court. In matters before this Court, it is well settled that the public defender of the county in which a parolee is incarcerated should be appointed to represent that parolee. *Brewer v. Pennsylvania Board of Probation and Parole,* 90 Pa.Commonwealth Ct. 75, 494 A.2d 36 (1985). When there is a conflict of interest involving the public defender of the incarcerating county, the public defender of an adjoining county should be appointed. *Dobson.*

Accordingly, the order of the Pennsylvania Board of Probation and Parole is affirmed. The motion to vacate order of appointment is denied.

*ORDER*

AND NOW, this 16th day of August, 1995, the decision of the Pennsylvania Board of Probation and Parole is affirmed. The motion to vacate order of appointment is denied.