IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Dorsey, : 
               Petitioner : 
                                  : 
                v. : 
                                    : 
Pennsylvania Board : 
of Probation and Parole, :   No. 1334 C.D. 2017 
               Respondent :   Submitted: February 9, 2018


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: May 24, 2018


      Robert Dorsey (Dorsey) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) August 15, 2017 order denying his request for administrative relief. Dorsey presents two issues for this Court's review: (1) whether the Board erred by impermissibly extending his judicially-imposed sentence; and (2) whether the Board properly recalculated Dorsey's maximum sentence release date when he was recommitted as a convicted parole violator (CPV). Dorsey is represented in this matter by Montgomery County Public Defender Dana E. Greenspan, Esquire (Counsel), who has filed a Motion for Leave to Withdraw Appearance (Application), seeking to have Dorsey's representation transferred to the Schuylkill County Public Defender's Office.

      Dorsey is an inmate at the State Correctional Institution (SCI) at Mahanoy (SCI-Mahanoy). On April 8, 1991, Dorsey was sentenced to 2 years, 3 months to 4 years, 6 months of incarceration for the manufacture, sale, delivery or

possession with the intent to deliver drugs (First Sentence). The maximum sentence release date was July 14, 1995. On April 10, 1991, Dorsey was sentenced to an additional 8 months to 5 years of incarceration for criminal conspiracy and theft of movable property (Second Sentence). Because the Second Sentence was ordered to run concurrently to his First Sentence,[1] his maximum sentence release date was recalculated to April 10, 1996 (hereafter, Original Sentence).

On April 14, 1993, Dorsey was paroled to an approved home plan. As a condition of his parole, Dorsey agreed, *inter alia*, that he "shall . . . refrain from owning or possessing any firearms or other weapons." Certified Record (C.R.) at 6. Dorsey also consented to the following special condition:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 6. Dorsey did not object to the above-quoted parole conditions.

On June 14, 1993, Dorsey was placed on house arrest/electronic monitoring for a curfew violation. On July 7, 10, 14, 26 and 28, and August 2, 1993, Dorsey tested positive for illegal drugs. On July 14, 1993, Dorsey again violated his curfew. On August 3, 1993, Dorsey was sent to the Food For All/Halfway Back rehabilitation program (Program) for a minimum of 6 months. On August 13, 1993, Dorsey absconded from the Program. On August 23, 1993, Dorsey ran when he was spotted by parole agents and, upon his capture, the parole agents found that Dorsey possessed a loaded .22 caliber semi-automatic handgun.

---

[1] The concurrent sentence was conditioned upon Dorsey receiving no misconducts, remaining involved in his required programs, and meeting his approved home plan requirements. *See* Certified Record at 4.

2

On August 23, 1993, the Philadelphia Police arrested Dorsey and charged him in Philadelphia County Municipal Court (Philadelphia County) for technical parole violations (*i.e.*, 3 counts of violating curfew, leaving the Program and failing to report), plus one count of carrying a firearm in a public place or street, and one count of carrying a firearm without a license (Philadelphia County Charges). Philadelphia County detained Dorsey in SCI-Graterford in lieu of bail. On August 24, 1993, the Board issued a warrant to commit and detain Dorsey. On September 3, 1993, the Board served Dorsey with a notice of charges based on the Philadelphia County Charges and his technical parole violations, and notified him of the Board's intent to hold a detention hearing. *See* C.R. at 12. On September 22, 1993, Dorsey was transferred from SCI-Graterford to SCI-Greensburg. On October 18, 1993, the Board detained Dorsey pending disposition of his Philadelphia County Charges.

On November 1, 1993, the United States District Court for the Eastern District of Pennsylvania issued an indictment pursuant to Section 922(g)(1) of the United States Code, 18 U.S.C. § 922(g)(1) (Possession of a Firearm by a Convicted Felon) (Federal Charge). *See* C.R. at 22. In light of the federal indictment, on November 4, 1993, the Philadelphia County Charges were withdrawn. On December 2, 1993, United States Marshals took Dorsey from SCI-Greensburg into federal custody in Philadelphia for trial. On January 28, 1994, Dorsey was found guilty of the Federal Charge. On June 13, 1994, Dorsey was sentenced to 293 months (Federal Sentence) and returned to SCI-Graterford.

After several continuances due to Dorsey's ongoing federal custody, the Board held a revocation hearing on September 27, 1994. Dorsey waived his right to counsel. *See* C.R. at 24-25. According to the Board's Hearing Report: "Case being appealed[.] Had nothing to state[.]" C.R. at 26. Notwithstanding, based on proof of his conviction on the Federal Charge, that same day, the Board voted to recommit Dorsey to an SCI as a CPV "when available to serve the unexpired term." C.R. at 29.

3

On October 20, 1994, Dorsey was transferred to federal custody to begin serving his Federal Sentence. In January 2016, the United States Department of Justice, Federal Bureau of Prisons contacted the Board to arrange extradition for Dorsey's April 26, 2016 release from federal custody. On April 28, 2016, Dorsey was released from federal custody to SCI-Pittsburgh. Thereafter, he was transferred to SCI-Graterford and then to SCI-Mahanoy in Schuylkill County.

By decision issued on May 2, 2016 (mailed May 24, 2016), the Board referred to its September 27, 1994 action recommitting Dorsey to an SCI as a CPV, and ordered that he serve his unexpired term of 2 years, 11 months and 27 days. At that time, Dorsey's maximum sentence release date was recalculated from April 10, 1996 to April 23, 2019. *See* C.R. at 34.

On June 6, 2016, Dorsey submitted an Administrative Remedies Form challenging the Board's May 2, 2016 sentence credit calculation. *See* C.R. at 38-46. On August 15, 2017, the Board denied Dorsey's request for administrative relief. On September 8, 2017, Dorsey appealed pro se to this Court.[2] On October 2, 2017, this Court appointed the Montgomery County Public Defender's Office to represent Dorsey in this matter, and Counsel filed an appeal brief on Dorsey's behalf on December 15, 2017. On January 16, 2018, Counsel filed her Application. On January 18, 2018, this Court ordered the Application decided with the merits of Dorsey's appeal.

**Application**

In the Application, Counsel requests to have Dorsey's representation transferred to the Schuylkill County Public Defender's Office, because Dorsey is

---

[2] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

4

incarcerated in Schuylkill County. "In matters before this Court, it is well settled that the public defender of the county in which a parolee is incarcerated should be appointed to represent that parolee." *Fulton v. Pa. Bd. of Prob. & Parole*, 663 A.2d 865, 868 (Pa. Cmwlth. 1995); *see also Brewer v. Pa. Bd. of Prob. & Parole*, 494 A.2d 36 (Pa. Cmwlth. 1985). Because Dorsey is now incarcerated in SCI-Mahanoy in Schuylkill County, his public defender representation shall be transferred from Montgomery County to Schuylkill County.

## Merits

### 1. Sentence Extension

Dorsey first argues that the Board erred by recommitting him to serve the unexpired 2 years, 11 months and 27 days remaining on his Original Sentence, because it impermissibly extended his judicially-imposed sentence.

Initially, Section 21.1(a) of what was commonly known as the Parole Act (Parole Act),[3] in effect when Dorsey was paroled, stated:

> Any parolee under the jurisdiction of the [Board] released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which . . . he pleads guilty . . . in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, **he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole** . . . .[4]

*Former* 61 P.S. § 331.21(a) (emphasis added).

---

[3] Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147.

[4] Section 6138(a)(2) of the current Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6138(a)(2), similarly authorizes the Board to recommit CPVs to serve the remainder of their original sentences.

This Court acknowledges that "the Board does not have the power to alter a judicially-imposed sentence." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 502 (Pa. Cmwlth. 2012) (quoting *Savage v. Pa. Bd. of Prob. & Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000)). However, "when the Board imposed backtime, the Board *did not impose an additional sentence* on [Dorsey] but, rather, directed [Dorsey] to *complete the original judicially-mandated sentence*." *Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117, 121 (Pa. Cmwlth. 2018).

In response to Dorsey's request for administrative relief, the Board informed him, in relevant part:

> The Board recalculated your maximum sentence date to April 23, 2019 based on your recommitment as a [CPV]. The decision to recommit you as a [CPV] gave the Board statutory authority to recalculate your sentence to reflect that you received no credit for the period you were at liberty on parole. . . . The Board advised you of this potential penalty on the parole conditions you signed on April 13, 1993. You also had constructive notice of this potential penalty via the statute.

C.R. at 51. The Board did not extend Dorsey's judicially-imposed sentence but, as the law and his parole condition required, returned him to prison to serve his Original Sentence as if he was never paroled. The Pennsylvania Supreme Court has specifically held that the Board's authority to extend maximum term expiration dates under such circumstances does not usurp the courts' sentencing functions. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980). Accordingly, "[Dorsey's] argument that the Board erred in extending his new maximum parole date beyond the maximum date of his [O]riginal [S]entence is meritless."[5] *Hughes*, 179 A.3d at 121.

---

[5] In light of this ruling, we need not address Dorsey's cruel and unusual punishment claim. *See* Dorsey Br. at 8, 10.

> Section 21.1 of the Parole Act, which provides that parolees convicted of crimes while on parole shall not be given credit for street time, has

6

## 2. Credit Allocation

Dorsey also claims that the Board improperly allocated credit for the time he was incarcerated on both the Federal Charge and the Board's detainer between November 1, 1993 and June 13, 1994, and during the time he was incarcerated solely on the Board's detainer between August 24, 1993 and November 1, 1993.

### November 1, 1993 to June 13, 1994

Dorsey asserts that he is entitled to credit toward his Original Sentence for the time he was incarcerated on the Federal Charge and the Board's detainer between November 1, 1993 and June 13, 1994. However, the law is well-established that the period of time an inmate is incarcerated on a Board detainer and is awaiting sentencing on new criminal charges shall be applied to the new sentence rather than the inmate's original sentence. *See Gaito*; *see also Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160 (Pa. Cmwlth. 2016); *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007).

Here, the Board confirmed:

> Dorsey was incarcerated on both the [Federal C]harge[] and the Board's detainer from November 1, 1993 to June 13, 1994 because he did not post bail. The Pennsylvania Supreme Court has held that any pre-sentence period of confinement where a [CPV] is incarcerated on new criminal

---

> withstood . . . constitutional challenges [for cruel and unusual punishment, double jeopardy and due process violations] in both federal and state appellate courts. *See U.S. ex rel. Lawson v. Cavell,* 425 F.2d 1350 (3rd Cir.[]1970); *Gaito . . .* ; *Jezick v. [Pa.] B[d.] of Prob[. &] Parole, . . .* 530 A.2d 1031 ([Pa. Cmwlth.] 1987).

*Monroe v. Pa. Bd. of Prob. & Parole*, 555 A.2d 295, 296 (Pa. Cmwlth. 1989) (footnote omitted). "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

charges AND a Board detainer must apply to the new sentence. *Gaito*, 412 A.2d at 571. Conversely, any period a [CPV] was incarcerated solely on the Board's detainer must be applied to the original sentence. *Id.*

> Applying this precedent to the current case, **the Board properly denied Dorsey credit on his [O]riginal [S]entence for the period he was incarcerated from November 1, 1993 to June 13, 1994 because he was confined on the [B]oard detainer and the [Federal C]harge[].** As such, credit for that time had to apply to his new sentence under *Gaito*.

Board Br. at 17 (emphasis added).[6] Based on well-settled precedent, this Court finds no error in the Board's determination that Dorsey is not entitled to credit toward his Original Sentence for the time he was incarcerated on the Federal Charge and the Board's detainer between November 1, 1993 and June 13, 1994.

---

[6] Based upon the Supreme Court's decision in *Martin v. Pennsylvania Board of Probation & Parole*, 840 A.2d 299 (Pa. 2003), Dorsey maintains that he was wrongfully confined for both the Federal Charge and his criminal parole violation. The Board retorted:

> Nowhere in *Martin* did the Pennsylvania Supreme Court hold that the Board is required to give credit in contradiction to *Gaito*. In other words, the holding in *Martin* established that where a parole violator is confined on both the new criminal charges and the Board's warrant and it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence, the credit must then be applied to the offender's original sentence.
>
> In the current case, Dorsey was confined from November 1, 1993 to June 13, 1994, which amounts to 224 days or 7 months and 12 days prior to sentencing. This is less than the 293-month maximum term imposed by the United States District Court for the Eastern District for the new federal conviction. Thus, *Martin* is not applicable. Instead, Dorsey is essentially asking for double credit, which is prohibited by *Commonwealth v. Dorian*, 468 A.2d 1091 (Pa. 1983).

Board Br. at 18-19. In *Armbruster*, this Court declared that *Martin* is limited to cases involving the allocation of excess pre-assignment credit. Since that is not the case here, this Court agrees with the Board that *Martin* is inapposite.

8

## August 24, 1993 and November 1, 1993

Dorsey also contends that he is entitled to credit on his Original Sentence for his time spent incarcerated solely on the Board's detainer between August 24, 1993 and November 1, 1993.

At the time Dorsey was paroled and recommitted, Section 21.1a(a) of the Parole Act required that "the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed."[7] *Former* 61 P.S. § 331.21a(a). Moreover, the law was well-established that

> if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Gaito*, 412 A.2d at 571.

When denying Dorsey's request for administrative relief, the Board explained that it awarded Dorsey proper credit in recalculating his maximum sentence release date. *See* C.R. at 52. However, on appeal, the Board concedes that Dorsey is entitled to credit on his Original Sentence for his time spent incarcerated solely on the Board's detainer between August 24, 1993 and November 1, 1993. The Board explained:

> The mistake occurred because the Board initially believed that federal authorities arrested Dorsey for the new criminal charges docketed in the United States District Court for the Eastern District of Pennsylvania on August 24, 1993. Upon

---

[7] Therefore, there is no merit to Dorsey's claim that he served his Federal Sentence and his Original Sentence in the wrong order and he should be immediately released. *See* Dorsey Br. at 16. Although Section 6138(a)(5.1) of the Parole Code, 61 Pa.C.S. § 6138(a)(5.1), now provides that a CPV must serve the balance of his original sentence before serving a federal sentence, that provision was not effective until 2009 and, thus, has no bearing in this appeal.

further review, the Board discovered that August 24, 1993 is the date that Philadelphia County police arrested Dorsey and that the Board lodged its detainer for parole violations on the same date. . . . Dorsey did not post bail from [the Philadelphia County Charges,] nor does he claim that he posted bail. These charges were later withdrawn on November 4, 1993. The record reflects that the United States District Court for the Eastern District of Pennsylvania did not render an indictment until November 1, 1993 for a violation of one count of 18 U.S.C. § 922(g)(1) (Possession of a Firearm by a Convicted Felon). A bench warrant was lodged for Dorsey the same date. Thus, Dorsey was detained for the new federal charge as of November 1, 1993, when the District Court indicted him and he did not post bail. Prior to that date, Dorsey was held solely on the Board's August 24, 1993 detainer because [Philadelphia County] later withdrew Dorsey's criminal charges.

It is well established that the Board must give credit for any period a parolee is confined solely on its detainer. *Gaito* . . . . As such, **the Board acknowledges that [it] must give credit to Dorsey for the period he was incarcerated from August 24, 1993 to November 1, 1993. The application of this credit will change Dorsey's maximum sentence date from April 24, 2019** [sic] **to February 13, 2019.**

Board Br. at 14-15 (emphasis added). The Board further articulated:

The Board is currently unable to grant this credit to Dorsey because of the current appeal. Pa.[]R.A.P. 1701.[8] Therefore, **this matter should be remanded to the Board to issue a modified recalculation decision that grants him the credit in question**.

Board Br. at 15 (emphasis added). Accordingly, this Court remands this matter to the Board to properly credit Dorsey the above-referenced 69 days, thereby making his new maximum release date February 13, 2019.

---

[8] "[A]fter an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a).

## Conclusion

For all of the above reasons, this Court grants Counsel's Application. Further, this Court affirms that portion of the Board's order denying Dorsey credit toward his Original Sentence for the time he was incarcerated on the Federal Charge and the Board's detainer between November 1, 1993 and June 13, 1994. However, the Court vacates that portion of the Board's order denying Dorsey credit on his Original Sentence for his time spent incarcerated solely on the Board's detainer between August 24, 1993 and November 1, 1993, and remands to the Board to credit those 69 days to Dorsey and recalculate his maximum release date to February 13, 2019.

_____
ANNE E. COVEY, Judge

11

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Dorsey,                                      :
                    Petitioner                    :
                                                  :
              v.                                   :
                                                    :
Pennsylvania Board                                 :
of Probation and Parole,              :      No. 1334 C.D. 2017
                    Respondent         :

### O R D E R

AND NOW, this 24th day of May, 2018, the portion of the Pennsylvania Board of Probation and Parole's (Board) August 15, 2017 decision denying Robert Dorsey (Dorsey) credit toward his April 10, 1991 sentence with the April 10, 1996 maximum sentence release date (Original Sentence) for the time he was incarcerated on his federal firearm possession charge and the Board's detainer between November 1, 1993 and June 13, 1994 is AFFIRMED. The portion of the Board's order denying Dorsey credit on his Original Sentence for his time spent incarcerated solely on the Board's detainer between August 24, 1993 and November 1, 1993 is VACATED, and the matter is REMANDED to the Board to credit Dorsey 69 days on his Original Sentence and recalculate his maximum release date to February 13, 2019.

IT IS FURTHER ORDERED THAT Dana E. Greenspan, Esquire's (Greenspan) Motion for Leave to Withdraw Appearance is GRANTED, and the Montgomery County Public Defender's Office shall no longer represent Dorsey. Greenspan shall serve a copy of this Opinion and Order upon the Public Defender's Office of Schuylkill County within five (5) days of this Order. The Public Defender's Office of Schuylkill County is hereby directed to enter its appearance on Dorsey's behalf within fifteen (15) days from the date of this Order and represent him in future matters concerning this action.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge